IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ROCCI FRANK GARRETT, | ) | Case No. C 16-0206 PSG (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF DISMISSAL WITH** |
| | ) | **LEAVE TO AMEND** |
| v. | ) | |
| | ) | |
| SANTA CLARA COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Rocci Frank Garrett, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  The court has granted leave to proceed in forma pauperis in a separate order.  For the reasons stated below, the court dismisses the complaint and gives Garrett leave to amend to specify his claims for relief.

## I. DISCUSSION

A.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2]  In its

---

[1]  Garrett has consented to magistrate judge jurisdiction.  *See* Dkt. No. 1 at 4.

[2]  *See* 28 U.S.C. § 1915A(a).

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.    Garrett's Claims

Garrett alleges that he is being denied access to some unspecified treatment program of which the "courts" approved for him.  Garrett has seen other inmates with "more extreme case factors and backgrounds" be allowed into the program, and he continues to be denied.  Garrett believes his prohibition from the program is discriminatory.  Garrett names as the sole defendant, the Santa Clara County Jail.

Garrett's complaint is dismissed with leave to amend.  As currently pled, Garrett's complaint fails to state a cognizable claim for relief.  To the extent Garrett means to raise an equal protection claim, he fails to do so.  When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates.[6]  The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs.[7]  The class must be comprised of similarly

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials).

[7] *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

Case No. C 16-0206 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

situated persons so that the factor motivating the alleged discrimination can be identified.[8]
Garrett does not identify any class of prisoners to whom he belongs, nor does he identify a group
of prisoners similarly situated to him, and from whom he was treated differently.  In response to
Garrett's administrative appeal, jail officials explained to Garrett that he was denied participation
in the out-of-custody phase of the Custody Alternative Supervision Program because of the
serious nature of Garrett's charges, but he was still eligible to participate in the in-custody phase.

In addition, Garrett has not named any individual officers who are liable for the alleged
violation.  Instead, Garrett names the Santa Clara County Jail.  Local governments, such as the
Santa Clara County Jail are "persons" subject to liability under 42 U.S.C. § 1983 where official
policy or custom causes a constitutional tort.[9]  However, a city or county may not be held
vicariously liable for the unconstitutional acts of its employees under the theory of respondeat
superior.[10]  To impose municipal liability under Section 1983 for a violation of constitutional
rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or
she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to
deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the
moving force behind the constitutional violation.[11]  Here, Garrett has not alleged sufficient facts
to state a municipal liability claim against the Santa Clara County Jail.  Thus, the Santa Clara
County Jail is DISMISSED.  Garrett must name the proper individual defendants whom he
alleges are liable for violating his constitutional rights.

As the complaint currently reads, Garrett has not stated a cognizable claim against any
defendant.  However, if Garrett believes that he can cure the deficiencies addressed above, he
may amend his complaint to do so.

---

[8]  *See id.* at 1031 (affirming district court's grant of defendants' motion for summary judgment
because inmate failed to raise triable issue of fact that he was treated differently than any other
inmate whom the officers did not know was entitled to a vegetarian meal).

[9]  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

[10]  *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

[11]  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Case No. C 16-0206 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

## II.  CONCLUSION

The court orders as follows:

1.      The complaint is DISMISSED with leave to amend.  Garrett shall file an AMENDED COMPLAINT within thirty days from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 16-0206 PSG (PR)) and the words AMENDED COMPLAINT on the first page.  Garrett may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

2.      Garrett is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[12]  Defendants not named in an amended complaint are no longer defendants.[13]

3.      It is Garrett's responsibility to prosecute this case.  He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   3/25/2016

PAUL S. GREWAL
United States Magistrate Judge

---

[12] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[13] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Case No. C 16-0206 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND